UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DERICK TURNER,

        Plaintiff,                  Case No. 2:25-cv-11817

v.                                    Hon. Brandy R. McMillion
                                           United States District Judge

DONALD TRUMP, ET AL.,

        Defendants.
_____/

### ORDER OF SUMMARY DISMISSAL

Plaintiff Derick Turner ("Turner") brings this *pro se* action against Defendants Donald Trump, Joe Biden, Chris Swanson, and Terrance Green (collectively "Defendants"). *See generally* ECF No. 1. He has also filed an application to proceed without the prepayment of fees (*in forma pauperis*). ECF No. 2. For the reasons below, Turner's request to proceed *in forma pauperis* is **GRANTED**, but this case is **SUMMARILY DISMISSED** pursuant to 28 U.S.C. § 1915(e).

### I.

After reviewing the Complaint, the Court is unable to discern any claims for relief based on the information presented. *See generally* ECF No. 1. Turner describes his familial status as "Chief of the United States" based upon his "native Indian Paperwork" and alleges that he is having problems with "the guys trying to

hide and harass [him] for [his] info." *Id*. at PageID.5, 7.  He brings his claims under the "Proclamation of 1763, Treaty with the Delawares/Treaty of Fort Pitt 1778." *Id*. at PageID.4.  His demand for relief is possession of "over 24 federal banks." *Id*. at PageID.9.

## II.

Turner filed an application to proceed *in forma pauperis*.  ECF No. 2.  The Court has reviewed the application, finds him to be indigent, and therefore entitled to proceed without the prepayment of fees and costs.  However, pursuant to 28 U.S.C. § 1915, the Court is required to dismiss an *in forma pauperis* complaint if it determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B); *Brooks v. Holstege*, No. 2:16-cv-12501, 2016 WL 3667961, at *1 (E.D. Mich. July 11, 2016).  A complaint is frivolous if it lacks an arguable basis in law or fact.  *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The Court may dismiss a claim *sua sponte* under 28 U.S.C. § 1915(e)(2)(B) if it is based on a meritless legal theory.  *Neitzke*, 490 U.S. at 327.

Given that Plaintiff is proceeding *pro se*, the Court must construe his pleadings liberally.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  However, even under this less stringent standard, *pro se* pleadings remain subject to summary dismissal.  "The

mandated liberal construction . . . means that if a court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a complaint to include claims that were never presented. . . ." *Baccus v. Stirling*, 2018 WL 8332581, at *1 (D.S.C. Oct. 15, 2018), *report and recommendation adopted*, No. 8:18-cv-01880, 2019 WL 978866 (D.S.C. Feb. 28, 2019), *aff'd*, 776 F. App'x 142 (4th Cir. 2019)). Nor may the Court "'conjure up unpleaded facts to support conclusory allegations.'" *Williams v. Hall*, No. 21-5540, 2022 WL 2966395, at *2 (6th Cir. July 27, 2022) (quoting *Perry v. United Parcel Servs.*, 90 F. App'x 860, 861 (6th Cir. 2004)).

### III.

A complaint doesn't need detailed factual allegations, but it must include enough facts to suggest a plausible claim for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff must also allege facts sufficient to establish that the Court has jurisdiction to hear the claims. Even construing the *pro se* complaint liberally, the Court finds that Plaintiff does not have any viable claims against Defendants based on the allegations in the Complaint. The statutes referenced (*see* ECF No. 1, PageID.4) do not confer any claim for relief for the conduct alleged. The Court is not able to conjure up unpleaded facts to create a claim for relief. *See Williams,* 2022 WL 2966395 at *2. Plaintiff's claims are frivolous and fail to state

3

a claim upon which relief can be granted, and therefore summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e)(2)(B).

## IV.

Accordingly, the Complaint (ECF No. 1) is **SUMMARILY DISMISSED WITH PREJUDICE** in its entirety.

*This is a final order that closes the case.*

**IT IS SO ORDERED.**

Dated: June 26, 2025               s/Brandy R. McMillion
                                   Hon. Brandy R. McMillion
                                   United States District Judge

4